JS 44 (Rev. 3/13)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KEYSMART, LLC

## DEFENDANTS
VANTE, INC. and AU-MY, LTD.

(b) County of Residence of First Listed Plaintiff: Cook County, Illinois
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Kings County, New York
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Maxwell J. Petersen, SBN 6194644
Before July 1: Pauley Petersen & Erickson, Tel. (847)490-1400
2800 W. Higgins Road, Suite 365, Hoffman Estates, IL 60169
After July 1: Lewis Brisbois Bisgaard & Smith, LLP, Tel. (312)463-3386
550 W. Adams Street, Suite 300, Chicago, IL 60661

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ■ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | | | ☐ 480 Consumer Credit |
| | | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
*(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*
Patent Infringement, 35 U.S.C. 271 and 281

## VII. Previous Bankruptcy Matters
*(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Over $1 million and Injunction

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## IX. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

## X. This case (check one box)
☑ Is not a refiling of a previously dismissed action ☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE: June 26, 2015

SIGNATURE OF ATTORNEY OF RECORD: /Maxwell J. Petersen/

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEYSMART, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| VANTE, INC. and | ) | Civil Action No.: |
| AU-MY, LTD., | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Keysmart, LLC ("Keysmart") for its Complaint against Defendants Vante, Inc. ("Vante") and AU-MY, Ltd. ("AU-MY") alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under the Patent Laws of the United States, including 35 U.S.C. §§ 271 and 281. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Vante because Vante does substantial business in this judicial district and provides products accused of patent infringement in this judicial district including, but not necessarily limited to KEY NINJA® pocket key organizers. Such products are and/or have been sold and/or offered for sale within this judicial district via websites including www.keyninja.com, www.vantetoys.com, www.amazon.com, www.groupon.com, www.yipit.com, and www.panjiva.com, and have been offered to retail outlets nationwide.

3. This Court has personal jurisdiction over AU-MY because AU-MY does substantial business in this judicial district and provides products accused of patent infringement

1

in this judicial district including, but not necessarily limited to, OMEGAKEY™ pocket key organizers. Such products are and/or have been sold and/or offered for sale within this judicial district via websites, including www.swisskey-invents.com, www.au-my.com, www.amazon.com, and www.zazzle.com.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).

5. Keysmart is an Illinois Limited Liability Company having a principal place of business at 1919 West 19th Street, Unit 1B, Broadview, Illinois 60155. Keysmart makes and sells KEYSMART® pocket key organizers having an ornamental design shown in Exhibit B.

6. Vante is a New York Corporation having places of business at 1733 Sheepshead Bay Road, Brooklyn, New York 11235 and 134 Bay 26th Street, Brooklyn, New York 11214. Vante makes and sells KEY NINJA® pocket key organizers having an ornamental design shown in Exhibit C.

7. AU-MY is a United Kingdom private limited company having a place of business at 91 Ranelagh Road, East Ham, E6 2SJ, London, United Kingdom. AU-MY makes and sells OMEGA® pocket key organizers having an ornamental design as shown in Exhibit D.

## PATENT-IN-SUIT

8. Keysmart owns the entire right, title and interest in U.S. Design Patent D705,533 ("the '533 patent," Exhibit A), entitled "Pocket Key Organizer," including without limitation the right to sue for past and current patent infringement and damages.

9. The '533 patent was duly and legally issued by the U.S. Patent and Trademark Office on May 27, 2014, and remains in full force and effect.

## COUNT I: INFRINGEMENT BY VANTE OF
## U.S. DESIGN PATENT D705,533, 35 U.S.C. §§ 271 AND 281

10. Keysmart incorporates by reference the allegations in Paragraphs 1-9 of this Complaint.

11. Vante has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling infringing pocket key organizers including, but not necessarily limited to, pocket key organizers sold as KEY NINJA®.

12. Vante has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by others. The infringing activities by Vante include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include but are not necessarily limited to, those identified in Paragraph 11 of this Complaint.

13. Vante had notice of the '533 patent by virtue of Keysmart marking its KEYSMART® pocket organizers and their packaging with notice of the '533 patent.

14. Vante has, with reckless disregard of the '533 patent and Keysmart's rights under that patent, willfully and wantonly infringed the '533 patent, entitling Keysmart to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Keysmart to an award of its reasonable attorney fees.

15. By reason of Vante's infringement of the '533 patent, Keysmart has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently

unknown. Vante has benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until enjoined by this court.

### COUNT II: INFRINGEMENT BY AU-MY OF U.S. DESIGN PATENT D705,533, 35 U.S.C. §§ 271 AND 281

16. Keysmart incorporates by reference the allegations in Paragraphs 1-15 of this Complaint.

17. AU-MY has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling infringing pocket key organizers including, but not necessarily limited to, pocket key organizers sold as OMEGAKEY™.

18. AU-MY has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by others. The infringing activities by AU-MY include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include, but are not necessarily limited to, those identified in Paragraph 17 of this Complaint.

19. AU-MY had notice of the '533 patent by virtue of Keysmart marking its KEYSMART® pocket key organizers and their packaging with notice of the '533 patent.

20. AU-MY has, with reckless disregard of the '533 patent and Keysmart's rights under that patent, willfully and wantonly infringed the '533 patent, entitling Keysmart to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Keysmart to an award of its reasonable attorney fees.

21. By reason of AU-MY's infringement of the '533 patent, Keysmart has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently

unknown. AU-MY has benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Keysmart, LLC prays:

A.  For judgment to be entered by this Court in favor of Keysmart and against Vante and Vante's infringement of the '533 patent, as set forth in Count 1 of this Complaint;

B.  For a permanent injunction against Vante's continued infringement of the '533 patent, including an injunction against all direct, contributory, and actively induced infringement;

C.  For an accounting and recovery of damages adequate to compensate Keysmart for Vante's infringement of the '533 patent, including but not limited to Keysmart's lost profits due to Vante's infringement of the '533 patent, but in no event less than a reasonable royalty;

D.  For a finding that Vante's infringement of the '533 patent has been wanton, willful, and in reckless disregard of Keysmart's patent rights, such that Keysmart is entitled to treble damages pursuant to 35 U.S.C. § 284;

E.  For a finding that this case against Vante is exceptional, such that Keysmart is entitled to recover its reasonable attorney fees under 35 U.S.C. § 285, in addition to all expenses and costs;

F.  For a judgment to be entered by this Court in favor of Keysmart and against AU-MY for AU-MY's infringement of the '533 patent, as set forth in Count II of this Complaint;

G.  For a permanent injunction against AU-MY's continued infringement of the '533 patent, including an injunction against all direct, contributory, and actively induced infringement;

H. For an accounting and recovery of damages adequate to compensate Keysmart for AU-MY's infringement of the '533 patent, including but not limited to Keysmart's lost profits due to AU-MY's infringement of the '533 patent, but in no event less than a reasonable royalty;

I. For a finding that AU-MY's infringement of the '533 patent has been wanton, willful, and in reckless disregard of Keysmart's patent rights, such that Keysmart is entitled to treble damages pursuant to 35 U.S.C. § 284;

J. For a finding that this case against AU-MY is exceptional, such that Keysmart is entitled to recover its reasonable attorney fees from AU-MY under 35 U.S.C. § 285, in addition to all expenses and costs; and

K. For such other and further relief as this Court may deem equitable, just and proper.

## JURY DEMAND

Keysmart demands a trial by jury.

Dated: June 26, 2015                    Respectfully submitted,

/s/ Maxwell J. Petersen

    (before July 1)
Maxwell J. Petersen
PAULEY PETERSEN & ERICKSON
2800 West Higgins Road, Suite 365
Hoffman Estates, Illinois 60169
Tel: (847) 490-1400
Fax: (847) 490-1403
Email: MPetersen@ppelaw.com

    (after July 1)
Maxwell J. Petersen
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 W. Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3386
Fax: (312) 345-1778
Email: Maxwell.Petersen@lewisbrisbois.com

Attorney for Plaintiff Keysmart, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEYSMART, LLC | ) | |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| VANTE, INC. and | ) | Civil Action No.: |
| AU-MY, LTD., | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**LOCAL RULE 3.2 NOTIFICATION OF AFFILIATES
DISCLOSURE STATEMENT**

Pursuant to Local Rule 3.2, Plaintiff Keysmart, LLC, by its undersigned attorney, states that it has no publicly held affiliates.

Dated: June 26, 2015             Respectfully submitted,

/s/ Maxwell J. Petersen

(before July 1)   Maxwell J. Petersen
PAULEY PETERSEN & ERICKSON
2800 West Higgins Road, Suite 365
Hoffman Estates, Illinois 60169
Tel: (847) 490-1400
Fax: (847) 490-1403
Email: MPetersen@ppelaw.com

(after July 1)    Maxwell J. Petersen
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 w. Adams Street, Suite 300
Chicago, Illinois 60661
Tel: (312) 463-3386
Fax: (312) 345-1778
Email: Maxwell.Petersen@lewisbrisbois.com

Attorney for Plaintiff
Keysmart, LLC