IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **KEYSMART, LLC** | |
| Plaintiff, | Civil Action No.: 1:15-cv-05701 |
| v. | Judge Andrea R. Wood |
| **VANTE, INC.,** | |
| Defendant. | Jury Trial Demanded |

**DEFENDANT VANTE, INC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendant Vante, Inc. ("Vante"), by and through the undersigned counsel, hereby answers the Complaint filed by Plaintiff Keysmart, LLC's ("Keysmart").

**JURISDICTION, VENUE AND PARTIES**

**1. This action arises under the Patent Laws of the United States, including 35 U.S.C. §§ 271 and 281. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. §§ 1331 and 1338(a).**

**ANSWER:** Vante admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, and that this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**2. This Court has personal jurisdiction over Vante because Vante does substantial business in this judicial district and provides products accused of patent infringement in this judicial district including, but not necessarily limited to KEY NINJA® pocket key organizers. Such products are and/or have been sold and/or offered for sale within this judicial district via websites including www.keyninja.com, www. vantetoys.com, www.amazon.com, www.groupon.com, www.yipit.com, and www.panjiva.com, and have been offered to retail outlets nationwide.**

**ANSWER:** Vante admits that it is subject to personal jurisdiction in this District. Vante denies that it has committed the infringement alleged in the Complaint. Vante denies the remaining allegations in Paragraph 2.

**3. This Court has personal jurisdiction over AU-MY because AU-MY does substantial business in this judicial district and provides products accused of patent infringement in this judicial district including, but not necessarily limited to, OMEGAKEY™ pocket key organizers. Such products are and/or have been sold and/or offered for sale within this judicial district via websites, including www.swisskey-invents.com, www.au-my.com, www.amazon.com, and www.zazzle.com**.

**ANSWER:** Vante lacks knowledge or information sufficient to for a belief as to the truth of the allegations in paragraph 3, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400(b).**

**ANSWER:** Vante admits that venue is proper in this District.

**5. Keysmart is an Illinois Limited Liability Company having a principal place of business at 1919 West 19th Street, Unit 1B, Broadview, Illinois 60155. Keysmart makes and sells KEYSMART® pocket key organizers having an ornamental design shown in Exhibit B.**

**ANSWER:** Vante admits that Keysmart is an Illinois Limited Liability Company for which Illinois Secretary of State office records list a "principal office" of Keysmart of 1919 West 19th Street, Suite 1B, Broadview, Illinois 60155. Vante denies that Exhibit B shows exclusively ornamental aspects of Keysmart's product. Vante lacks knowledge or information sufficient to forma belief as to the truth of the remaining allegations in paragraph 5, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**6. Vante is a New York Corporation having places of business at 1733 Sheepshead Bay Road, Brooklyn, New York 11235 and 134 Bay 26th Street, Brooklyn, New York 11214. Vante makes and sells KEY NINJA® pocket key organizers having an ornamental design shown in Exhibit C.**

**ANSWER:** Vante admits that it is a New York Corporation having a place of business at 1733 Sheepshead Bay Road, Brooklyn, New York 11235. Vante admits that it makes and sells KEY NINJA™ pocket key organizers. Vante denies that it has a place of business at 134 Bay 26th Street, Brooklyn, New York 11214. Vante further denies that Exhibit C shows exclusively ornamental aspects of Vante's product. Vante lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

7. **AU-MY is a United Kingdom private limited company having a place of business at 91 Ranelagh Road, East Ham, E6 2SJ, London, United Kingdom. AU-MY makes and sells OMEGA® pocket key organizers having an ornamental design as shown in Exhibit D.**

**ANSWER:** Vante denies that Exhibit D shows exclusively ornamental aspects of AU-MY's product. Vante lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

## PATENT-IN-SUIT

**8. Keysmart owns the entire right, title and interest in U.S. Design Patent D705,533 ("the '533 patent," Exhibit A), entitled "Pocket Key Organizer," including without limitation the right to sue for past and current patent infringement and damages.**

**ANSWER:** Vante admits that a purported assignment from Michael Tunney to Keysmart relating to the '533 patent was recorded at the US Patent and Trademark Office at Reel/Frame 31695-901. Vante lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 8, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**9. The '533 patent was duly and legally issued by the U.S. Patent and Trademark Office on May 27, 2014, and remains in full force and effect.**

**ANSWER:** Vante admits that the face of the ‘533 patent identifies a “Date of Patent” of May 27, 2014. Vante lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 9, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**COUNT I: INFRINGEMENT BY VANTE OF U.S. DESIGN PATENT D705,533, 35 U.S.C. §§ 271 AND 281**

**10. Keysmart incorporates by reference the allegations in Paragraphs 1-9 of this Complaint.**

**ANSWER:** Vante incorporates by reference its responses set forth in Paragraphs 1 through 9 as though fully set forth herein.

**11. Vante has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling infringing pocket key organizers including, but not necessarily limited to, pocket key organizers sold as KEY NINJA®.**

**ANSWER:** Vante denies the allegations in Paragraph 11.

**12. Vante has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by others. The infringing activities by V ante include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include but are not necessarily limited to, those identified in Paragraph 11 of this Complaint.**

**ANSWER:** Vante denies the allegations in Paragraph 12.

**13. Vante had notice of the '533 patent by virtue of Keysmart marking its KEYSMART® pocket organizers and their packaging with notice of the '533 patent.**

**ANSWER:** Vante denies the allegations in Paragraph 13.

**14. Vante has, with reckless disregard of the '533 patent and Keysmart's rights under that patent, willfully and wantonly infringed the '533 patent, entitling Keysmart to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Keysmart to an award of its reasonable attorney fees.**

**ANSWER:** Vante denies the allegations in Paragraph 14.

**15. By reason of Vante's infringement of the '533 patent, Keysmart has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently unknown. Vante has benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until enjoined by this court.**

**ANSWER:** Vante denies the allegations in Paragraph 15.

**COUNT II: INFRINGEMENT BY AU-MY OF U.S. DESIGN PATENT D705,533, 35 U.S.C. §§ 271 AND 281**

**16. Keysmart incorporates by reference the allegations in Paragraphs 1-15 of this Complaint.**

**ANSWER:** Vante incorporates by reference its responses set forth in Paragraphs 1 through 15 as though fully set forth herein.

**17. AU-MY has directly infringed, and continues to directly infringe the '533 patent by making, importing, using, offering to sell and/or selling infringing pocket key organizers including, but not necessarily limited to, pocket key organizers sold as OMEGAKEY™.**

**ANSWER:** Vante lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 17, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**18. AU-MY has infringed and continues to infringe the '533 patent by contributing to and/or actively inducing direct infringement of the '533 patent by others. The infringing activities by AU-MY include encouraging, aiding and abetting others to make, import, use, offer to sell and/or sell infringing pocket key organizers in the United States. The infringing pocket key organizers include, but are not necessarily limited to, those identified in Paragraph 17 of this Complaint.**

**ANSWER:** Vante lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 18, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**19. AU-MY had notice of the '533 patent by virtue of Keysmart marking its KEYSMART® pocket key organizers and their packaging with notice of the '533 patent.**

**ANSWER:** Vante lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 19, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**20. AU-MY has, with reckless disregard of the '533 patent and Keysmart's rights under that patent, willfully and wantonly infringed the '533 patent, entitling Keysmart to treble damages under 35 U.S.C. § 284. This conduct further warrants a finding that this case is exceptional under 35 U.S.C. § 285, entitling Keysmart to an award of its reasonable attorney fees.**

**ANSWER:** Vante lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 20, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

**21. By reason of AU-MY's infringement of the '533 patent, Keysmart has and will continue to suffer substantial irreparable damage and injury, the full extent of which is presently unknown. AU-MY has benefitted from its unlawful infringement of the '533 patent and will continue to be unjustly enriched unless and until enjoined by this Court.**

**ANSWER:** Vante lacks knowledge sufficient to confirm or deny the remaining allegations in paragraph 21, and therefore they are denied pursuant to Federal Procedure 8(b)(5).

## AFFIRMATIVE DEFENSES

As further answer and as affirmative defenses, Vante alleges the following:

### FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

22. Vante has not infringed and does not infringe, directly or indirectly, any valid claim of the patent-in-suit.

### SECOND AFFIRMATIVE DEFENSE – INVALIDITY

23. Upon information and belief, Vante alleges that the sole claim of the patent-in-suit is invalid for failure to satisfy the conditions of patentability set forth in the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, 112 and 171, in view of, *inter alia*, (a) prior art identified in Dkt. No. 18, (b) the claimed design being "dictated by" function and (c) the claiming of a design that "is not limited to the scale or aspect ratio shown herein."

**THIRDAFFIRMATIVE DEFENSE – LACHES AND ESTOPPEL**

24. Upon information and belief, Vante alleges that Keysmart is barred or limited from recovery in whole or in part by the doctrines of laches and estoppel, including but not limited to the doctrine of prosecution history estoppel.

**FOURTH AFFIRMATIVE DEFENSE – FAILURE TO MARK**

25. Upon information and belief, Vante alleges that Keysmart is barred or limited from recovery in whole or in part by the failure to mark as required under the provisions of the Patent Laws of the United States, 35 U.S.C. § 1 et seq., and in particular, § 287.

**FIFTH AFFIRMATIVE DEFENSE – LACK OF KNOWLEDGE**

26. To the extent Keysmart asserts that Vante indirectly infringes, either by contributory infringement or inducement of infringement, Vante is not liable to Keysmart for the acts alleged to have been performed before Vante knew that its actions would allegedly cause indirect infringement.

**SIXTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM**

27. Upon information and belief, Vante alleges that the Complaint for Patent Infringement filed by Keysmart fails to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE – NON-EXCEPTIONAL CASE**

28. Vante has engaged in all relevant activities in good faith, thereby precluding Plaintiff even if it prevails, from recovering reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

**EIGHTH AFFIRMATIVE DEFENSE – NO INJUNCTIVE RELIEF**

29. Upon information and belief, Vante alleges that Keysmart is barred from claiming or obtaining injunctive relief, at a minimum, on the grounds that adequate legal and monetary

remedies exist, and further, on the grounds that Keysmart has failed to request such relief in its Complaint.

## VANTE'S COUNTERCLAIMS

Counterclaimant Vante, Inc., ("Vante") by and through its undersigned attorneys, alleges the following Counterclaims against Keysmart, LLC ("Keysmart"):

## NATURE OF THE ACTION

30. Vante seeks a declaratory judgment of patent non-infringement and invalidity of U.S. Design Patent D705,533 ("the D'533 Patent") pursuant to the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

31. Counterclaimant Vante is a corporation organized and existing under the laws of the State of New York, with a place of business at 1733 Sheepshead Bay Road, Brooklyn, New York 11235.

32. Upon information and belief, Counterclaim-defendant Keysmart is a limited liability company organized and existing under the laws of the State of Illinois, having a place of business at 1919 West 19th Street, Unit 1B, Broadview, Illinois 60155.

## JURISDICTION AND VENUE

33. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

34. If subject matter jurisdiction is proper for Keysmart's claims, this Court has subject matter jurisdiction over Vante's Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

35. Keysmart has subjected itself to personal jurisdiction by filing suit against Vante in this judicial district. Keysmart is also subject to personal jurisdiction in this judicial district because, by its own admission, Keysmart is "an Illinois Limited Liability Company having a principal place of business at 1919 West 19th Street, Unit 1B, Broadview, Illinois 60155," which is within this judicial district.

36. Keysmart is an Illinois Limited Liability Company having a principal place of business at 1919 West 19th Street, Unit 1B, Broadview, Illinois 60155.

37. If venue in the Northern District of Illinois is proper for Keysmart's claims, then venue is proper in this judicial district at least under 28 U.S.C. §§ 1391 and 1400.

## THE ASSERTED PATENT

38. The D'533 Patent, entitled "Pocket Key Organizer," states a filing date of June 20, 2013, and a "Date of Patent" is May 27, 2014. The inventor named on the D'533 Patent is Michael Tunney. Keysmart purports to own the entire right, title and interest in the D'533 Patent.

## COUNT 1
## (Declaratory Judgment of Non-Infringement)

39. Vante incorporates here by reference all of the allegations as set forth in paragraphs 30 through 38 of its Counterclaims.

40. Keysmart filed suit against Vante alleging in its Complaint that Vante has infringed the D'533 Patent. As a result of these allegations and the filing of the lawsuit, Vante has a reasonable apprehension that Keysmart will continue to assert the D'533 Patent against Vante.

41. Vante has not and does not infringe any claim of the D'533 Patent, either literally, under the doctrine of equivalents, or under a theory of either direct or indirect infringement.

42. An actual case and controversy exists between Vante and Keysmart regarding Vante's non-infringement of the D'533 Patent, which is within the jurisdiction of this Court.

43. By reason of the foregoing, Vante is entitled to a declaratory judgment by this Court that Vante does not infringe the D'533 Patent either directly or indirectly, including non-infringement of the D'533 Patent literally and under the doctrine of equivalents.

**COUNT II**
**(Declaratory Judgment of Invalidity)**

44. Vante incorporates here by reference all of the allegations as set forth in paragraphs 30 through 44 of its counterclaims.

45. Keysmart filed suit against Vante alleging in its Complaint that Vante has infringed the D'533 Patent. As a result of these allegations and the filing of the lawsuit, Vante has a reasonable apprehension that Keysmart will continue to assert the D'533 Patent against Vante.

46. The D'533 Patent is invalid for failure to comply with the U.S. Patent Laws, 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, 112 and 171, in view of, *inter alia*, (a) prior art identified in Dkt. No. 18, (b) the claimed design being "dictated by" function and (c) the claiming of a design that "is not limited to the scale or aspect ratio shown herein."

47. An actual case and controversy exists between Vante and Keysmart regarding the validity of the D'533 Patent that is within the jurisdiction of this Court.

48. By reason of the foregoing, Vante is entitled to a declaratory judgment by this Court that the D'533 Patent is invalid.

## JURY DEMAND

49. Trial by jury is hereby demanded.

## PRAYER FOR RELIEF

WHEREFORE, Vante respectfully requests that the Court enter judgment in favor of Vante on the foregoing and grant the following relief:

A. A judgment dismissing Keysmart's Complaint against Vante in its entirety with prejudice;

B. A declaration that Keysmart is not entitled to any of its requested relief, or any relief whatsoever;

C. A declaration that Keysmart is not entitled to any costs in this litigation, pursuant to 35 U.S.C. §§ 284 and 285;

D. A declaration that Vante has not infringed the '533 patent (either directly, contributory or by active inducement);

E. A declaration that the D'533 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 171;

F. An injunction against Keysmart and its affiliates, subsidiaries, assigns, employees, agents or anyone acting in privity or concert with Keysmart from charging infringement or instituting or continuing any legal action for infringement of the D'533 Patent against Vante, its customers, or anyone acting in privity with Vante;

G. An order declaring that Vante is the prevailing party and that this is an exceptional case, awarding Vante its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

H. Awarding Vante its costs and expenses of litigation, including attorneys' fees and expert witness fees; and

I. Granting such other and further relief as the Court deems just and appropriate.

Dated: August 21, 2015

Respectfully submitted,

/s/ Richard S. Stockton
Richard S. Stockton (IL Bar No. 6273109)
Azuka C. Dike (IL Bar No. 6303185)
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 463-5000
Facsimile: (312) 463-5001
*rstockton@bannerwitcoff.com*
*adike@bannerwitcoff.com*

***Attorneys for Defendant,***
***Vante, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2015, a true and correct copy of the foregoing was served on the following attorney for Keysmart, LLC by mailing to the address below pursuant to Fed. R. Civ. P. 5(b)(2)(C).

**Maxwell J. Petersen**
Lewis Brisbois Bisgaard & Smith LLP
550 W. Adams Street, Suite 300
Chicago, IL 60661
(847) 463-3386
*Maxwell.Petersen@lewisbrisbois.com*

/s/ Richard S. Stockton
FOR VANTE